John W. Shaw [State Bar No. 82802]
SHAW, TERHAR & LaMONTAGNE, LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, California 90017
Telephone: (213) 614-0400
Facsimile: (213) 629-4534

Attorneys for Defendants
COSTCO WHOLESALE CORPORATION,
HOMEDICS-U.S.A., INC. (erroneously sued and
served herein as "U.S.A.-HoMEDICS, INC.") and
TAYLOR PRECISION PRODUCTS, INC.

**DENIED**
*Judge James Ware*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA DRAKE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COSTCO WHOLESALE CORPORATION, U.S.A.-HoMEDICS, INC., TAYLOR PRECISION PRODUCTS, INC., and DOES 1 through 100, inclusive, ,<br><br>　　　　Defendant. | Case No. C 06 04682 JW<br><br>**STIPULATION TO REMAND ACTION TO STATE COURT; [PROPOSED] ORDER**<br><br>Complaint Filed: June 27, 2006 |

The parties, by and through their respective counsel of record, hereby stipulate and respectfully request that the Court enter an order remanding the action captioned *Drake v. Costco Wholesale Corporation et. al.,* Case No. C 06 04682 JW (N.D. Cal.) to the Superior Court of the State of California for the County of Santa Cruz for further proceedings.

Plaintiff GINA DRAKE ("MS. DRAKE") alleges that she suffered a laceration to her foot on 16 August 2005 .

This is a product liability action filed by plaintiff GINA DRAKE in the California state court based on an incident of 16 August 2005 in which she alleges that she was injured from the use of a glass scale distributed by defendant

HOMEDICS-U.S.A., INC. ("HOMEDICS") that she purchased from defendant COSTCO WHOLESALE CORPORATION ("COSTCO").

This is a diversity case removed pursuant to 28 USC 1332. The substantive law of the State of California is to be applied.

The following good cause exists for the Court to grant this Stipulation in its entirety:

The parties have agreed that due to the severity of the injuries and the on-going medical treatment by the plaintiff, that the interests of justice would be better served with the remand of the case so that the plaintiff may complete her medical treatment and the defendants have an opportunity to evaluate the injury. The parties have indicated their desire to submit this matter to mediation, but cannot proceed with meaningful discussions until the plaintiff's medical treatment has been completed. The parties agree that the state court forum would be most amendable to such a resolution involving state court issues.

MS. DRAKE'S medical condition has recently and progressively deteriorated, such that it is presently uncertain as to the extent of her claimed injury and damages that are at issue in this case. Plaintiff is now claiming a number of worsening conditions, including severe and chronic neurological deficits and a severely compromised immune system. Her medical treatment is now aggressively treating different systemic problems, including RSD. Most recently, in the last few months, MS. DRAKE has commenced a new "experimental" type of treatment, including gamma globulin injections, in an attempt to boost her immune system. Each treatment costs $40,000.00. She receives one treatment each month. Plaintiff has identified for the first time those doctors involved in the latest treatments. Defendants have not had an opportunity to examine the most recent records, including those evaluating her present condition. Her condition is not yet permanent and stationary. At that time, the extent of plaintiff's medical condition will be ready

2
STIPULATION TO REMAND ACTION TO STATE COURT; [PROPOSED] ORDER

LAW OFFICES
SHAW, TERHAR &
LAMONTAGNE, LLP
220951.1  0170-15624

| | |
|---|---|
| Dated: February____, 2008 | RICHARD E. DAMON, PC |
| | By: _____<br>Richard E. Damon<br>Attorneys for Plaintiff<br>GINA DRAKE |
| Dated: February 19, 2008 | SHAW, TERHAR & LaMONTAGNE, LLP |
| | By: /s/ John W. Shaw<br>John W. Shaw<br>Attorneys for Defendant<br>COSTCO WHOLESALE CORPORATION, HOMEDICS-U.S.A., INC. (erroneously sued and served herein as "U.S.A.-HoMEDICS, INC.") and TAYLOR PRECISION PRODUCTS, INC. |

for evaluation by the parties to this litigation and the court. This court has complete discretion to order this remand and no statement of reasons is required.

*** ORDER ***

The Court conducted a Preliminary Pretrial Conference on February 25, 2008. Counsel for Defendant was present; however, no one appeared on behalf of Plaintiff.

On August 1, 2006, this case was removed to this Court from Santa Cruz County Superior Court. (Docket Item No. 1.) The parties now request that this case be remanded back to state court, and they have filed a stipulation to that effect. (Docket Item No. 23.)

Title 28 U.S.C. §1447(c) provides, in relevant parts: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The parties do not contend that the Court lacks subject matter jurisdiction over this case. Moreover, the parties have failed to make their request to remand on the basis of some other defect within the thirty days provided by statute. Rather, the parties seek remand based solely on their agreement that remand is in their best interests. The Court finds that the parties have not stated a basis under § 1447 upon which the Court may remand. Accordingly, the parties request to remand this case is DENIED.

In light of this Order, the parties shall appear for a Preliminary Pretrial Conference on **March 10, 2008 at 10 a.m.** Failure to appear at this conference may result in sanctions and dismissal of the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties shall file a Joint Preliminary Pretrial Statement by **March 3, 2008.**

Dated: February 26, 2008

_____
JAMES WARE
United States District Judge